## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **CATHARON INTELLECTUAL PROPERTY, LLC,** Plaintiff, v. **INTERNATIONAL BUSINESS MACHINES CORPORATION,** Defendant. | **Civil Action No. 6:13-cv-690** **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Catharon Intellectual Property, LLC ("Catharon" or "Plaintiff") makes the following allegations against International Business Machines Corporation ("IBM" or "Defendant"):

## PARTIES

1. Plaintiff Catharon is a Texas limited liability company, with its principal place of business located at 800 Brazos St., Suite 400, Austin, TX 78701.

2. On information and belief, Defendant International Business Machines Corporation is a corporation organized under the laws of the State of New York with its principal place of business at 1 New Orchard Road, Armonk, New York 10504-1783. On information and belief, IBM has appointed CT Corp System at 350 N. St. Paul, Suite 2900, Dallas, TX 75201-4234 as its agent for service of process in Texas.

## JURISDICATION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,065,046

6. Plaintiff is the owner by assignment of United States Patent No. 6,065,046 ("the '046 Patent") titled "Computerized System and Associated Method of Optimally Controlled Storage and Transfer of Computer Programs on a Computer Network." The '046 Patent issued on May 16, 2000. A true and correct copy of the '046 Patent is attached as Exhibit A.

7. Upon information and belief, Defendant directly or through intermediaries has been and is now infringing the '046 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, making, using, providing, supplying, distributing, selling, and/or offering for sale products and/or systems (including at least its WebSphere Application Server, WebSphere Portal and other products that include, provide, or designed to operate with

the Dojo toolkit) that practice the methods of optimally controlling storage and transfer of computer programs between computers on a network to facilitate interactive program usage, storing an applications program in a nonvolatile memory of a first computer, said applications program being stored as a plurality of interacting individual and independent machine-executable code modules, in response to a request from a second computer transmitted over a network link, retrieving a selected one of said machine-executable code modules and only said selected one of said machine-executable code modules from said memory, and transmitting said selected one of said machine-executable code modules over said network link to said second computer as covered by one or more claims of the '046 Patent. Defendant is directly infringing, literally infringing, and/or infringing the '046 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '046 Patent pursuant to 35 U.S.C. § 271(a).

8. Defendant has also been inducing infringement of the '046 Patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b) by intentionally and knowingly inviting and instructing the users of Defendant's software products to perform the claimed methods and by supplying software modules or components used to directly infringe. Defendant induces the direct infringement of the '046 Patent by marketing and/or distribution of the Dojo toolkit software along with instruction documents such as developer's guide, technical articles, and presentations.  Defendant has known of the '046 Patent at least as early as November, 2001 when it referenced the '046 Patent in the application leading to U.S. Patent No. 6,279,030 ('030 Patent) and at least eleven other patents in the same technology field.

9. Defendant has also been contributing to the infringement of the '046 Patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(c) by distributing, selling or offering to sell in the United States the Dojo toolkit with the knowledge that the software is

especially made or adapted for use in a way that infringes. Defendant has known of the '046 Patent at least as early as November, 2001 when it referenced the '046 Patent in the application leading to the '030 Patent and at least eleven other patents in the same technology field.  The software that Defendant provides is a significant part of the inventions of the claims of the '046 Patent and has no significant non-infringing uses.

10. On information and belief, to the extent any marking was required by 35 U.S.C. §287, all predecessors in interest to the '046 Patent complied with any such requirements.

11. As a result of Defendant's infringement of the '046 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

12. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '046 Patent, Plaintiff will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '046 Patent;

2. A permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '046 Patent, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '660 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Catharon, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED September 20, 2013.                Respectfully submitted,
                                         By: \s\ *Hao Ni*
                                         Hao Ni
                                         Texas Bar No. 24047205
                                         hni@nilawfirm.com
                                         Timothy T. Wang
                                         Texas Bar No. 24067927
                                         twang@nilawfirm.com
                                         Neal G. Massand
                                         Texas Bar No. 24039038
                                         nmassand@nilawfirm.com
                                         Stevenson Moore V
                                         Texas Bar No. 24076573
                                         smoore@nilawfirm.com

                                         **Ni, Wang & Associates, PLLC**
                                         8140 Walnut Hill Ln., Ste. 310
                                         Dallas, TX 75231
                                         Tel: (972) 331-4600
                                         Fax: (972) 314-0900

                                         **ATTORNEYS FOR PLAINTIFF
                                         CATHARON INTELLECTUAL
                                         PROPERTY, LLC**